Ex Parte

Court Of Criminal Appeals
P.O. Box 12308 Capitol Station
Austin, Ax 78711

Jack Lucious, II.
      Applicant

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 06 2015

Abel Acosta, Clerk

MEMORANDUM

Simply put, the collateral consequences from the 1974/199. Rape conviction that Lucious received a Clemency Discharge in 1982, did not begin until **AFTER** he paroled on a purse snatching, namely robbery offense November 2011, therefore how could he had brought such issues up in his previous applications. However, the State has alleged that Lucious is filing a subsequent application that has been ruled up on, alas, the record do not support the State's claim.

I, Jack Lucious, II #586170, residing at 1807 Capron St. Harris County, Ax. 77020, declare under penalty of perjury that according to his belief the facts stated in the memorandum are true and correct.

Signed Jack Lucious II 3 Aug. 2015

CAUSE No. 212715

Ex Parte

Jack Lucious, II
        Applicant


Motion Of Traverse


Lucious, files this, Motion of Traverse in the above
Captioned Cause, having been served with an ap-
plication for Writ of Habeas Corpus, pursuant to
Tex Crim. Proc. Ann. Art. 11.0734 (1),


            Jurisdiction


The Court has jurisdiction, as Lucious' claims a-
rise under the Constitution and Law of the United
States. 28 U.S.C. !! 1331, 1343, the Court has the
authority to grant Lucious' claim (s) for decla-
ratory and injunctive relief. U.S.C. !! 2201-2206;
Fed. R. Civ. P. 57, 65.


Lucious is confined pursuant to a judgment
and sentence of the 177th District Court of Harris

County, Texas, in Cause No. 579201, purse snatching, namely robbery offense, Tex Penal Code Ann. § 29.02 (2) (1), (the primary case).

Lucious was convicted August 26, 1974, for the offense of aggravated rape, Cause No. 212215. The jury assessed his punishment at ten (10) years confinement in the Texas Department Of Corrections "(now the Texas Department Of Criminal Justice - Institutional Division)"

Lucious denies the factual allegations made in the State's Original Answer, Except those supported by official Court Records, and offers the following additional reply:

The Texas Department of Criminal Justice - Institutional Division, parole board officials are violating Lucious' 14th Constitutional Right by constructively incarcerating him pursuant to a judgment and sentence from an aggravated rape offense that occurred in August 1974, where punishment was assessed at ten (10) years confinement in the Texas Department of Corrections "(T.D.C.)."

However, T.D.C. board Commissioners would grant Lucious Clemency Discharge in February 1982

on the August 1974, aggravated Rape offense, Cause No. 212715.

October 1990 Lucious was convicted for the offense of Robbery, Tex. Penal Code Ann. ¶ 29.02 (1)(1), in Cause No. 579201, the jury assessed his punishment at life in the Texas Department of Criminal Justice—Institutional Division" (T.D.C.J.-ID)."

November 2011, Lucious paroled on Cause No. 579201, Tex. Penal Code Ann. 29.02 (1)(1). However, T.D.C.J.-ID, board officials has imposed conditions on his parole on the Robbery offense that are qualitatively different from the punishment typically imposed on similarly situated on parolees under the provision of Tex. Penal Code Ann. 29.02 (1)(1).

T.D.C.J.-ID, officials are imposing sex offender conditions on Lucious from the August 1974, agg. Rape conviction that in February 1982, he was granted Clemency Discharge. Also, such particular conditions has constructively confined Lucious, violating his 14th Constitutional Right. U.S. Const. Amend. XIV Sec. 1; Civil Rights Act of 1871, 42 U.S.C. § 1983 "(2006)."

Lucious is suffering constructive incarceration as defined by Vernon Ann. Texas C.C.P., Art. 11.21

Hoang Vs. State, 872 S.W. 2d. 694, 697 (Tex. Crim. App) cert. denied, 513 U.S. 863, 115 S. Ct. 177, 130 L. Ed. 2d. 112 (1994). Ex Parte Canada, 754 S.W. 2d. 660, 663 (Tex. Crim. App. 1988) (both recognizing applicant on parole is "Confined" under Article 11.21. The Law specifically that confinement means confinement for any offense or any collateral consequences resulting from the conviction that is the basis of the instant habeas corpus. Act of May 24, 1995, 74th Leg., R.S. ch. 319, § 5, Sec. 3 (c) 1995 Tex. Gen. Laws 2764, 2771 (amended (1999) Current version at Tex. Code of Crim. Proc. Ann. art. 11.071. 3 (c).

A.D.C. granted Clemency Discharge to Lucious in Cause No. 212715, in February 1982. Texas Law states that conditional pardon exempts a defendant from punishment, while parole conditionally releases a defendant from further punishment. Mota-Aguirre, 186 F 3d, 596.

Lucious successfully completed the ten (10) year prison term in Cause No. 212715. Clemency Discharge was granted that would exempt him from collateral consequences bounded by the terms thereof, and the very same can be limited by terms of Clemency Discharge. Ex Parte Seymour, 231, S.W. 2d. 448, 155 Tex. Crim. App. 112.

The State has violated Lucious' 14th Const. Amend. by failing to afford him who had not been convicted of a sexual offense, an Hearing. A hearing meeting the requirements of Due Process Of Law prior to imposing Sex offender conditions up on his Robbery conviction in Cause No. 579201.

The State has placed Global Positioning Satellite Monitor (GPS) on Lucious' person under Cause No. 212715, and classified him under Supper Intensive Supervision Program (SISP). State documents (certificate of Parole) explicitly supports Lucious' claim(s). By and large, such particular conditions has caused Lucious to suffer stigmatizing collateral consequences (See Memorandum at 6-7, In Cause No. 212715-E) compelling him to participate in Sex offender Class paying fees from his SSI pension or else he will be placed in an Immediate Sanct ion Facility (ISF). Coleman, 395 F 3d. at 225.

The State alleged that Lucious' previous writ of habeas corpus, Cause No. 212715-Q, was decide on the merits. Therefore Sec. 4 of art. 11.07, govens the current writ of habeas corpus application Cause No. 212715-E.

Lucious denies such particular allegation made by the State that Cause No. 212715-Q was correctly decided

6

on the merits which failed to contain sufficient specific facts establishing that:

(1) the current claims could not have been presented previously because the factual claim was unavailable on the date that Lucious filed the previous application; or

(2) by a preponderance of the evidence, but for a violation of the United States Constitution no national juror could have found Lucious guilty beyond a reasonable doubt.

"(See enclosed habeas corpus 212715-A)"

The sufficient specific fact is that Lucious was released on parole November 14, 2011, in Cause No. 579201, Robbery offense. And at that point the state imposed conditions and other irrational, arbitrary, and capricious actions on his parole from Cause No. 212715. Therefore, how was Lucious to know and file on suffering collateral consequences prior to being released in Cause No. 579201.

Conclusion And Prayer

The state makes light of it, Lucious is a citizen who

was convicted for robbery. Like any other man or woman convicted of a crime, Lucious have a constitutional right to be served Due Process of Law, and afforded an appropriate evaluation prior to Sex offender treatment being compelled up on him.

The State did not afford Lucious his fundamental Constitutional Rights.

Lucious humbly implore that the Court grant Lucious' supplications in Cause No. 212715-E, and all he is entitled.

## SELF VERIFICATION

I, Jack Lucious II. #586170, residing at 1807 Capron St, Harris County, Texas 77020, declare under penalty of perjury that according to his belief the facts stated in the Traverse Motion are true and correct.

Signed

Jack Lucious II.
1807 Capron St.
Houston, TX 77020
Cell: 832-673-7945
Home: 713-222-0339

Cause No. 212715

Ex Parte

Jack Lucious, II                    In the 176th District
    Applicant                        Court Of Harris County, Tx.


            Certificate Of Service


I, Jack Lucious, II, the undersigned petitioner
certifies that I have served a copy of the Ana-
verse Motion in Cause No. 212715-E to the State
on August , 2015, by mail as follows:

Linda Garcia
Assistant District Atty.
Harris County, Texas
1201 Franklin Suite 600

*Exhibit A*

RECEIVED IN POST TRIAL
SYSTEMS-DISTRICT CLERK
OFFICE
DEC 12 2012
DEPUTY

Case No. _____
(The Clerk of the convicting court will fill this line in.)

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: _Jack Luscious_

DATE OF BIRTH: _12/26/55_
PLACE OF CONFINEMENT: _Harris County, TX._

TDCJ-CID NUMBER: _586170_ _____ SID NUMBER: _01685982_

(1) This application concerns (check all that apply):

☑ a conviction      ☑ parole

□ a sentence      □ mandatory supervision

□ time credit      □ out-of-time appeal or petition for discretionary review

(2) What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

_197Th/ 176Th. District Court of Harris Co, Tex._

(3) What was the case number in the trial court?

_212715/_

(4) What was the name of the trial judge?

_Judge Hatten/ Judge Robert E. Montgomery_

Revised: September 1, 2011

1

(5) Were you represented by counsel? If yes, provide the attorney's name:

_Jim Skelton / Elijal Gooden_

(6) What was the date that the judgment was entered?

_August 26, 1974 /_
_September 1974 / March 5, 1990_

(7) For what offense were you convicted and what was the sentence?

_10 yrs. Agg. Rape / Life Robbery, 29,02 (2)(1),_

(8) If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

_N/A_

(9) What was the plea you entered? (Check one.)

☐ guilty-open plea      ☐ guilty-plea bargain
☒ not guilty      ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

_N/A_

(10) What kind of trial did you have?

☐ no jury          ☒ jury for guilt and punishment

☐ jury for guilt, judge for punishment

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

_212715 guilt and innocence phase/ 579201 punishment phase._

(12) Did you appeal from the judgment of conviction?

☒ yes          ☐ no

2

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to? 212715 C.C. App/579201 14th Ct. App.

(B) What was the case number? 212715/579201

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:
212715 - Jim Skelton / 579201 Kirk Standley

(D) What was the decision and the date of the decision? Aff. Aug. 26, 74/Aff Feb. 27, 1992

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

□ yes            ☑ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number? N/A

(B) What was the decision and the date of the decision? N/A

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☑ yes            □ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? N/A

(B) What was the decision and the date of the decision? N/A

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

This claim is constructive confinement collateral consequence's that came into being when parole was granted on the robbery offense 11-14-2011.

3

_____

_____

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes ☑ no

If you answered yes, please provide the name of the court and the case number:

_____

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes ☐ no

If you answered yes, answer the following questions:

(A) What date did you present the claim? _____

(B) Did you receive a decision and, if yes, what was the date of the decision?

_____

If you answered no, please explain why you have not submitted your claim:

_____

_____

_____

_____

_____

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.*

4

If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will *not* consider grounds for relief in a memorandum of law that were not stated on the form application. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

**GROUND ONE:**

Violation of Lucious 14th Const. Amend.

**FACTS SUPPORTING GROUND ONE:**

Double jeopardy "(Constructive Confinement)" is being imposed on Lucious from the 1974 Agg. Rape conviction that he was granted Clemency on Feb. 1982.

Meto/ Aguirre 186 F. 3d. 596.

Ex Parte Seymour 231 S.W. 2d. 448, 155 Tex. Crim. 112.

6

**GROUND TWO:** Violation of Lucious' 14th. Const. Amend. Denial due process of law

**FACTS SUPPORTING GROUND TWO:**

Lucious was convicted for robbery March 5, 1991. The jury assessed his punishment at life confinement in T.D.C.J-ID. Nov. 11, 2011, Lucious was granted parole on the March 5, 1991 convictions and the State imposed sex offender conditions up on Lucious from the Sept. 1974 Agg, Rape conviction that he received clemency on, without giving him the required hearing.

Coleman, 395 F.3d at 225.

**GROUND THREE:**

Violation of Lucious' 14th Const. Amend.
Falsifying government document - denying him due process.

**FACTS SUPPORTING GROUND THREE:**

T.D.C.J.-ID. officials falsified government document in order to make it seem that Lucious was placed into Sex Offender treatment after an evaluation was given unto him.

The record speak for it self.

8

## PETITIONER'S INFORMATION

Petitioner's printed name: _Jack Lucious_

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, _Jack Lucious_, am the <u>applicant</u> / petitioner (circle one) and being presently incarcerated in _T.D.C J.-IB. T.C.C.P. art. 11.21_, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _December 12_, 20_12_.

_[signature]_

Signature of Applicant / Petitioner (circle one)

12

**PETITIONER'S INFORMATION**

Petitioner's printed name: _Jack Lucious_

Address: _8321 Carolwood_

_Houston TX 77028_

Telephone: _Cell: 832-887-9544_

Fax: _____

Signed on _December 12_ , 20 _12_ .

_Jack Lucious_

Signature of Petitioner

13

Cause No. 579201
Cause No. 212715

Ex Parte

Lucious, Jack                          In The 177th District
    Applicant                      Court Of

Vs.                                    Harris County, Texas

Texas Department Of Criminal
  Justice - Institutional Division
    Rick Thaler

## Memorandum

   Comes Now Lucious, Jack, Ex Parte, and file this, his Memorandum under article 11.07, for relief from a felony conviction that he challenge the fact and length of confinement. T.D.C.J.-ID, has denied Lucious due process rights by imposing sex offender conditions and other irrational, arbitrary, and capricious conditions on his parole. See U.S. Const. amend. XIV Sec.1; Civil Rights Act of 1871, 42 U.S.C. § 1983 (2006).

   T.D.C.J.-ID officials are imposing conditions on Lucious' parole from purse snatching, namely Robbery, in Cause No. 579201, that are qualitatively different from the punishment typically imposed on similarly situated on parolees. See Exhibit "A" Texas Department of Criminal Justice ** Parole Division Adjustment Statement.

SEC. I. 10-90 "due to arrest for resisting arrest" (jail time served) "and new conviction for "robbery."

In Lucious' memorandum in the above-captioned causes, having been constructively incarcerated arising from an aggravated rape conviction in Cause No. 212715; Constructive Incarceration is defined by VERNON ANN. TEXAS C.C.P., art. 11.21, Hoang Vs. State, 872 S.W. 2d. 694, 697 (Tex. Crim. App. 1993) cert. denied, 513 U.S. 863, 115 S. Ct. 177, 130 L. Ed. 2d. 112 (1994) Ex Parte CANADA, 754 S.W. 2d. 660, 663 (Tex. Crim. App. 1988) (both recognizing applicant on parole is "confined" under article 11.21.

On or about 11-14-11, T.D.C.J.-ID, parole board officials granted Lucious parole pursuant to the judgment and sentence of the 177th District Court of Harris County, Texas, in Cause No. 579201 (the primary case), where Lucious was convicted by a jury for the felony offense of purse snatching, namely robbery. The jury assessed punishment, enhanced by two (2) prior convictions (1974 Agg. Rape, Cause No. 212715, and Burglary of motor vehicle ', T.C.J. 1989, Cause No. 531854, at confinement for "life" in the T.D.C. J.-ID. See Exhibit "A." Sec. I. Criminal History (Prior).

However, Lucious is "constructively incarcerated" and suffer "collateral consequences" pursuant to the judgment and sentence of the 176th District Court of Harris County, Texas, in Cause No. 212715, where he was convicted on August 2d, 1974, by a jury for the felony offense of

aggravated rape. The jury assessed Lucious' punishment at ten "(10)" years confinement in the Texas Department of Corrections" (T.D.C.).

## Jurisdiction

The Court has jurisdiction, as Lucious' claims arise under the Constitution and Law of the United States. See 28 U.S.C. §§ 1331, 1343 (2006). The Court has the authority to grant Lucious' claims for declaratory and injunctive relief. See U.S.C. § 2201-2202 (2006); Fed. R. Civ. P. 57, 65.

Lucious humbly implore the Honorable Judge of said Court to hold his pleadings to a less stringent standard than formal pleadings drafted by attorneys. Lucious shall make effort to present a reasonable reading pleading which shall explicitly show a valid claim for him to prevail on the merits, despite Lucious' failure to cite proper legal authority, and confusion and various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements; and moreover, Lucious gracefully respect that it is not proper function of the Court to assume roll of advocate for pro-se litigant.

## Statement of fact

August 26, 1974, Lucious was convicted for aggravated rape in Cause No. 212715. The jury assessed punishment at ten "(10)" years confinement in the Texas Department of Corrections "(T.D.C.)"

The Board Of Pardons And Parole's under the "provision" of the Texas Department of Corrections, granted Lucious parole in August 1977, on the aggravated rape case, Cause No. 212715, however, thirty "(30)" days after release on parole in Cause No. 212715 Lucious returned back to the United States Armed Forces "(army)" September 1977, and successfully fulfilled his obligation to the American people of the United States. See Exhibit "B" DD214 Certificate Of Release or Discharge Active Duty Sec. 23, 24, 28 & 29.

"February 1982, the Board Of Pardons And Parole's, intervention with the Texas Department Of Corrections "(T.D.C.)" granted Lucious "Clemency" on the agg. rape case in Cause No. 212715. See Exhibit "A" Crim. History, T.D.C.-I, *** Parole Div. Adjustment sheet.

January 1989, Ms. JoAnn Lawrence "(rape victim)" came before the Court in Case No. 06-89-09781-CV; Arial Court No. 87-19167, and gave a recanting statement on the agg. rape conviction in Cause No. 212715. See Exhibit "C" "Court of Appeals Sixth District," the record holds the recanting statement given by Ms. Lawrence.

October 23, 1990, Lucious was arrested for the felony

offense of purse snatching, namely robbery; Tex. Penal Code Ann. §29.02 (2)(1). The jury found Lucious guilty and assessed punishment at "life" in the Texas Department of Criminal Justice - Institutional Division "(T.D.C.J.-ID)."

Lucious served twentyone "(21)" years incarcerated in prison on Cause No. 579201. However, November 14, 2011, Ms. Rissie Owens, Director, Board of Pardons And Paroles, granted Lucious parole coupled by Special Conditions; L, M, SISP, V2:X, in agreement of release in Cause No. 579201. See Exhibit "D" State of Texas Certificate Of Parole.

Lucious reported to Houston 1 parole office, Mr. Thomas Augusta, parole officer, arranged Lucious on his caseload. In the initial visit with Mr. Augusta, Lucious was informed that he has been enrolled in a Sex Treatment Program, Brady Barns, therapist, on 11-29-11. Lucious attended the Sex Treatment Program. See Exhibit "E." Fee Receipt, and Exhibit "F." Parole Division Invoice.

However, up on Lucious' release on parole he was classified as a Level One "(low) Sex Offender and given a "life time" registration. See Exhibits "G:H" Sex Offender Up Date Form, and Registration Acknowledgement Form.

T.D.C.J.-ID, parole board panel failed to afford Lucious, who had not been convicted of a sex crime, a hearing, a hearing meeting the requirements of Due process when they imposed sex offender conditions

on his parole. However, parole officials **falsified** documents stating that Lucious was given an instant offense polygraph on 1-31-12 "(polygraph inconclusive)", and was initially placed into Sex therapy treatment Class. See Sec. III B; Offender was given an instant polygraph on 1-31-12, and the results were "inconclusive; Offender was initially placed into Sex Offender treatment with Brady Burns. Alas, Exhibits "E"; "7" confirms the fact that Lucious was placed into Sex Offender treatment prior to 1-31-12, which explicitly shows falsifications of Government Documents, in terms of parole officials failure to execute Standard Operation Procedure "(S.O.P.)" which denied Lucious due process of law, and such factor has caused Lucious to suffer great Collateral Consequences;

(1). Lucious is practically a homeless veteran and he was denied housing of choice due to "life time registration" as a Sex Offender;

(2) Lucious do not receive earn income, however, he is compelled and threaten to pay Sex Offender treatment fee from pension check or else he will be dismissed from treatment class followed by a report of incooperative in turns of violating his parole which shall send him back to prison,

(3). Lucious has lost friends and female acquaintances "(particularly females with children)" in his attempt to explain his presence participating in sex offender treatment and having a life time registration, as a sex offender, and

(4). Lucious is being mentally tormented by the parole board officials' reproachfulness towards Texas Department of Corrections provisions, granting Lucious Clemency, the fact that Lucious returned back to the U.S. army thirty "(30)" day after he was paroled on the rape conviction to successfully serve this country, the fact that after thirty nine "(39)" years to this day there has been no sexual crime alleged against Lucious, and above all Lucious steadfastly hold his innocence in the rape conviction.

## Argument And Authorities
### Summary of the argument

Under Texas law, conditional pardon "exempts" a defendant from punishment, while parole conditionally releases a defendant from further punishment. Mota-Aguirre 186 F. 3d. 596.

Lucious is granted Clemency in the 1974, 2qq, rape conviction, Cause No. 212715. The contract between Lucious and the state; that he successfully serve his prison term without being convicted of a felony, and Clemency shall

be granted unto him and such Clemency factor exempts him from undergoing collateral consequences in the future.

The forefathers of the Texas Board Of Pardons And Paroles, under or above the Texas Department Of Corrections provision became in agreement to be bound by terms thereof, and same can be limited by terms of Clemency. Ex Parte Seymour, 231 S.W. 2d. 448, 155 Tex. Crim. 112.

The Texas Department Of Criminal Justice – Institutional Division, has breach the contract of the Texas Department Corrections that Lucious agreed up on.

For the reasons above, Lucious pray that the Honorable Court restore justice and fairness and grant Lucious that with which he is entitled.

The State failed to afford Lucious "a hearing meeting the requirements of due process" when it imposed sex offender conditions on his parole. Coleman, 395 F. 3d. at 225. However, despite the restrictions that the State imposed on Lucious by "(robbery)" incarceration, the due process clause guarantees Lucious some process before the government can impose conditions that are qualitatively different from the punishment characteristically suffered by a person convicted of the crime, and which have stigmatizing consequences.

Due process of law required that the State afford Lucious an appropriate hearing, including:

(1) Written notice in advance of the hearing,

(2) disclosure of the evidence on which the State was relying to show that Lucious constituted a threat to society by reason of his lack of sexual control,

(3) a hearing scheduled sufficiently after the notice to permit Lucious to prepare, at which he would have opportunity to be heard in person, represented by counsel, and to present documentary evidence in his support,

(4) an opportunity at the hearing to call witnesses and confront and cross examine State witnesses, except upon a finding, not arbitrarily made of good cause for permitting each as to a particular witness

(5) an independent decision maker, and

(6) a written statement by the factfinder as to the evidence relied upon and the reasons for the decision. U.S.C.A. Const. Amend. 14 — Livington, 623 F. Supp. 2d 182, affirmed in part, vacated in part, remanded 607 F. 3d. 392. Decision clarified on denial of rehearing 2010 WL 6511727.

The matter is explicitly apparent that had Lucious been given notice of a hearing, the exhibits produced in this, his memorandum stands the probability of a successful defense;

(2); On or about or since the Clemency was awarded Lucious on the 1974 agg. rape charge, approximately thirty nine "(39)" years to pass, Lucious has not been charged with or shown lack of sexual control;

(3) Lucious would have prepared for the hearing, and asked to appear in person, and presented documentary evidence supporting his claim, and

(4). Lucious would have called the victim, JoAnn Lawerance, herself, to come to the hearing to respire her recanting statement.

The State did not afford Lucious his constitutional right of due process guaranteed him. However, the awarded Clemency in Cause No. 212715, makes all the conditions imposed up on Lucious invalid.

Lucious pray that for the sake of righteousness, fairness and justice the Court grant him that which he is entitled.

Article 11.07 can specifically provide that "confinement" means confinement for any offense or any collateral

consequence resulting from the conviction that is the basis of the instant habeas corpus. Act of May 24, 1995, 74th. Leg., R.S., ch. 319, § 5, Sec. 3 (c), 1995 Tex. Gen. Laws 2764, 2771 (amended (1999) (current version at Tex. Code Crim. Proc. Ann. art. 11.07 § 3 (c).

Upon Lucious' release on Cause No. 579201, November 14, 2011, the state classified Lucious as a LEVEL ONE (low) sex offender and imposed a "life time" registration. See Exhibits "G & H."; LEVEL ONE "(low)," Code of Crim. Proc. Title 1, Art. 62.007; a designated range of points on the sex offender screening tool indicating that the person poses a low danger to the community and will not likely engage in criminal conduct. But yet, a "life time" registration has been imposed.

Lucious received a ten "(10)" year prison term on the 199, rape conviction and a "life" prison term on the purse snatching conviction. Implicitly the record speak for it self. The state imposed punishment from Lucious' purse snatching, namely robbery offense and applied such punishment to the ten "(10)" year punishment 199, rape conviction which violates Lucious' 14 amendment due process rights by imposing conditions on his parole that are qualitatively different from punishment typically imposed on similarly situated parolees. See U.S.C.A. XIV Sec 1; Civil Rights Act of 1871, 42 U.S.C. § 1983 (2006).

For the violation shown above Lucious pray that the

Honorable Court grant Lucious relief and all that he is entitled.

The record implicitly and explicitly show that state officials falsified government documents, stating that Lucious was initially placed in Sex Offender ~~J.L.~~ treatment 1-31-12. However, such false statement was given to cover up the subject matter of denying Lucious due process. The State placed Lucious in Sex Offender treatment prior to any evaluation being given unto him. See Exhibit "E."

The State have violated Lucious' 14 Const amend., falsifying government documents compelling Lucious to pay fees to a Sex Offender treatment class that Lucious have been illegally placed into. The record speak for it self. Lucious ask for reimbursement of all fees payed.

For the Constitutional amendments denied unto Lucious up above he pray with might and main that the Honorable Judge of said Court grant this, his Memorandum and all he is entitled.

## Conclusion And Prayer

Though the Texas Department Of Criminal Justice — Institutional Division officials makes light of it, Lucious is a citizen who was convicted by a jury for purse snatching, namely robbery. Like any other man or woman convicted for a crime, Lucious had a constitutional right to be served due process, and allowed appropriate evaluation

prior to being placed into sex offender treatment, especially without placing him in sex offender treatment under falsified government documents. The state officials did not afford Lucious that fundamental right. Jack Lucious, II, therefore respectfully requests that his Memorandum be granted and all that he is entitled.

## Self Verification

I, Jack Lucious #586170, residing at 8321 Candlwood in Harris County, Texas, declare under penalty of perjury that according to his belief the facts stated in the Memorandum are true and correct.

Signed on December 12, 2012.

Jack Lucious
Jack Lucious

8321 Candlwood
Houston, TX. 77028
Cell: 832-887-9544
Home: 713-631-3432

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE ** PAROLE DIVISION
## ADJUSTMENT STATEMENT

Name Lucious,Jack_____ TDCJ# 586170_____ SID# 01685982_____

## SECTION I

Criminal History (Prior): 11-87 probation for Criminal Mischief-claims revoked 11-88 to 4 months county jail for failure to report and pay fees; 8-76 Aggravated Rape-paroled 8-77 -clemency discharged 2-82; Burglary of Motor Vehicle WIC Theft-released PIA 10-89-revoked 10-90 due to arrests for Resisting Arrest (jail time served) and new conviction for Robbery_____

## SECTION II

A.  Employment
    1. If employed, name of employer: n/a_____
       Length of employment: n/a_____
    2. If unemployed, how long unemployed: since release on 11-14-11_____
       Reason: Offender receives $1021 monthly in pension from Department of Veterans Affairs_____

B.  Fees
    1. Supervision fees:   Current (X ), Deferred ( ), Arrears ( )
    Explanation: _____
    2. Restitution fees:   Current ( ), Arrears ( )
    Explanation: n/a_____

## SECTION III

A.  Home/Marital
    Adjustment: ( ) Satisfactory (X ) Marginal ( ) Unsatisfactory
    Explain: Offender was released to sister's residence, but was placed in halfway house on 4-23-12 due to offender using drugs and bringing prostitutes to residence; Offender was released from halfway house to his friend's residence on 6-6-12 and no problems have been reported_____

B.  Special Condition Compliance
    SC#L___: Intensive Supervision_____
    Adjustment: (X ) Satisfactory ( ) Marginal ( ) Unsatisfactory
    Explain: Offender is on intensive supervision_____
    SC#M__: Comply with Sex Offender registration_____
    Adjustment: (X ) Satisfactory ( ) Marginal ( ) Unsatisfactory
    Explain: Offender has registered as a sex offender as required_____
    SC#SISP: Comply with Super Intensive Supervision Program_____
    Adjustment: ( ) Satisfactory ( ) Marginal (X ) Unsatisfactory
    Explain: Failed to follow daily activity schedule on 11-16-11, 1-11-12, 6-29-12, and 7-20-12; Received curfew violations on 6-13-12 and 6-16-12; Failed t immediately place MTD in base unit upon arrival to residence on 7-13-12; Received bracelet gone on 7-18-12_____
    SC#V2_: No contact with victims_____
    Adjustment: (X) Satisfactory ( ) Marginal ( ) Unsatisfactory
    Explain: No known contact with victims_____
    SC#X__: Comply with Sex Offender Treatment Program_____
    Adjustment: ( ) Satisfactory ( ) Marginal (X ) Unsatisfactory
    Explain: As per program referral, the offender was given an instant offense polygraph on 1-31-12 and the results were inconclusive; Offender was initially placed into sex offender treatment with Brady Barrs; As per contact entered by previous parole officer on 3-4-12, the offender missed two groups; Offender was then transferred to sex offender treatment with Breakthrough when placed at the halfway house; Upon release from halfway house, the offender was referred to another group with Raymond Johnson from Breakthrough; Offender was dismissed from sex offender group on 6-20-12 due to offender being non-compliant and uncooperative; the offender refused to admit he was a sex offender, present his layout, and participate in group process; Offender was transferred back to therapist Brady Barrs; Offender failed to attend sex offender group on 7-12-12 (offender was an hour late for group and not allowed to attend) and 8-30-12 (offender failed to have group fees and was not allowed to attend)_____
    SC#S___: Abstain from drugs and alcohol and participate in substance abuse treatment_____
    Adjustment: ( ) Satisfactory ( ) Marginal (X) Unsatisfactory
    Explain: Tested positive for cocaine on 3-6-12 and 4-9-12; Offender completed a drug treatment program at the VA Medical Center on 8-29-12; Failed to attend AA/NA meeting on 7-3-12_____

## SECTION IV

A.  Arrest (s) since release – Date (s), Disposition (s), and Board action for each None_____

B.  Other reported violation (s) – ROV date (s), rule (s) alleged, and Board action for each Case conference conducted 11-28-11 for Rule#8SISP-Failure to follow schedule; Warrant issued 12-13-11 for Rule#8SISP-Base unit unable to connect-warrant was withdrawn 12-14-11 due to offender going to hospital; Case conference conducted 1-23-12 for Rule#8SISP-Failure to follow schedule; Warrant issued 6-13-12 for Rule#8SISP-Curfew violation-warrant was withdrawn on 6-14-12 as per instructions from upper management and case conference was conducted 6-18-12 for Curfew violations and Rule#8S-Positive UA; Case conference conducted 6-25-12 for Rule#8X-Failure to participate in sex offender treatment; Letter of reprimand 7-16-12 for Rule#8SISP-Failure to immediately place MTD in base unit upon arrival to residence and failure to follow schedule, Rule#8S-Failure to attend AA/NA meeting, and Rule#8X-Failure to attend sex offender group; Letter of reprimand 7-23-12 for Rule#8SISP-Bracelet gone and failure to follow schedule

## SECTION V

A.  Does the individual meet the criteria for EM and/or ISF – (X) Yes ( ) No  Indicate which Both

B.  Proposed plan if offender is continued on supervision:
Residence:  8321 Carolwood, Houston, Texas 77028
Hermann Jack (friend) 713-631-3432  (X) Verified ( ) Not Verified

Employment:  none  ( ) Verified ( ) Not Verified

_Candia Woodard_  9-17-12
Officer/Analyst Signature  Date

PSV – 32B  10/98

Exhibit

THIS IS AN IMPORTANT RECORD
SAFEGUARD IT

ANY ALTERATIONS IN SHADED
AREAS RENDER FORM VOID

| DD FORM 1 JUL 79 214 | PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE. | CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY |
|---|---|---|

| 1. NAME (Last, first, middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NO. |
|---|---|---|
| LUCIOUS JACK JR | ARMY/RA | 460 13 9054 |

| 4a. GRADE, RATE OR RANK | 4b. PAY GRADE | 5. DATE OF BIRTH | 6. PLACE OF ENTRY INTO ACTIVE DUTY |
|---|---|---|---|
| SP4 | E-4 | 551226 | Houston, TX |

| 7. LAST DUTY ASSIGNMENT AND MAJOR COMMAND | 8. STATION WHERE SEPARATED |
|---|---|
| HHC 1/34th Armor 1st Inf Div Fort Riley, Kansas - FC | Fort Riley, KS |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE |
|---|---|
| NA | AMOUNT $ 20,000  ☐ NONE |

| 11. PRIMARY SPECIALTY NUMBER, TITLE AND YEARS AND MONTHS IN SPECIALTY (Additional specialty numbers and titles involving periods of one or more years). | 12. RECORD OF SERVICE | YEAR (s) | MON (s) | DAY (s) |
|---|---|---|---|---|
| 63C10, Track Vehicle Mechanic 2 yrs and 8 mos | a. Date Entered AD This Period | 74 | 01 | 14 |
| | b. Separation Date This Period | 80 | 06 | 17 |
| | c. Net Active Service This Period | 03 | 00 | 00 |
| | d. Total Prior Active Service | 00 | 00 | 00 |
| | e. Total Prior Inactive Service | 00 | 00 | 00 |
| | f. Foreign Service | 00 | 11 | 24 |
| | g. Sea Service | 00 | 00 | 00 |
| | h. Effective Date of Pay Grade | 79 | 12 | 01 |
| | i. Reserve Oblig. Term. Date | 00 | 00 | 00 |

13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)

National Defense Service Medal, Marksman (M-16 Rifle), Mechanic's Badge

14. MILITARY EDUCATION (Course Title, number weeks, and month and year completed)

Wheel Vehicle Mechanic, 6 weeks (1974)

| 15. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM ☐ YES ☒ NO | 16. HIGH SCHOOL GRADUATE OR EQUIVALENT ☐ YES ☒ NO | 17. DAYS ACCRUED LEAVE PAID None |
|---|---|---|

18. REMARKS:
DD Form 214 administratively issued 17 Jun 80. NOTHING FOLLOWS.

| 19. MAILING ADDRESS AFTER SEPARATION | 20. MEMBER REQUESTS COPY 6 BE |
|---|---|
| 3502 Denver St (Harris) Houston, TX 77003 | SENT TO TX DIR. OF VET AFFAIRS ☒ YES ☐ NO |

| 21. SIGNATURE OF MEMBER BEING SEPARATED | 22. TYPED NAME, GRADE, TITLE AND SIGNATURE OF OFFICIAL AUTHORIZED TO SIGN |
|---|---|
| *Jack Lucious Jr* | J.L. WILMSMEYER DAC GS-7 CHIEF, TRANSFER POINT |

SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION | 24. CHARACTER OF SERVICE (Includes upgrades) |
|---|---|
| Discharge | Honorable |

| 25. SEPARATION AUTHORITY | 26. SEPARATION CODE | 27. REENLISTMENT CODE |
|---|---|---|
| Chapter 2, AR 635-200 | JBK | RE-3 |

| 28. NARRATIVE REASON FOR SEPARATION |
|---|
| Completion of required service |

| 29. DATES OF TIME LOST DURING THIS PERIOD | 30. MEMBER REQUESTS COPY 4 |
|---|---|
| 740421-770922 | *JL* INITIALS |

SERVICE - 2

_Exhibit C_



# Court of Appeals
### Sixth District
### State of Texas

CHIEF JUSTICE
WILLIAM J. CORNELIUS

JUSTICES
CHARLES BLEIL
BEN Z. GRANT

CLERK
TIBBY THOMAS

BI-STATE JUSTICE BUILDING
100 NORTH STATE LINE AVENUE #20
TEXARKANA, TEXAS 75502-5952
903/798-3046

August 25, 1993

Jack Lucious #586170
Rt. 3, Box 59
Rosharon, TX 77583

RE: Case No. 06-89-09781-CV
Trial Court No. 87-19167

Style: Lucious, Jr., Jack
v. The State of Texas

In response to your recent letter, please be advised that you need to contact the District Clerk of Harris County, Texas, for a copy of the judgment awarded you.

Respectfully yours,

Ms. Tibby Thomas, Clerk

By _Lynda Poore_
Deputy



# State of Texas

### Texas Department of Criminal Justice
### Parole and Parole Division
#### Certificate of Parole

TDCJ-PD

SISP

Date of issuance: 10/19/2011

Name
LUCIOUS, JACK

TDCJ # 00586170

SID # 01685982

Legal county of residence
HARRIS

Approved county of release
HARRIS

Location: Unit WY, TDCJ-ID

Cause#: 579201

The Texas Department of Criminal Justice Institutional Division (TDCJ-ID) of the State of Texas has determined that said offender is eligible for Parole under the provisions of Chapter 53? Texas Gov't. Code. THEREFORE, the Texas Board of Pardons and Paroles (Board) hereby orders that said offender be released under Parole and shall immediately report to the office indicated below for supervision:

HOUSTON DPO 2
3322 RICHMOND AVE
2ND FLOOR
HOUSTON, TX 77098
(713)521-0820

Go directly to your approved residential plan. Report to your Parole Officer by 9 A.M. the first working day after release date. Failure to do so will cancel further gate money and result in the issuance of arrest warrant.

and shall be permitted to be at liberty in the legal custody of the Parole Division of the Texas Department of Criminal Justice but subject to the orders of the Board and the Texas Department of Criminal Justice Parole Division, and under the rules and conditions of Parole herein. The period of Parole shall be for a period equivalent to the maximum term for which the offender was sentenced less calendar time actually served on the sentence. The time to be served under Parole is also calculated as calendar time. The certificate shall become effective when eligibility requirements for Parole under Chapter 508, Texas Gov't. Code have been met or when Parole is ordered by the Board, and when all rules and conditions, including statutorily mandated, general and special conditions are agreed to by said offender.

## STATUTORILY MANDATED CONDITIONS

Unless otherwise provided, I shall reside in the county in which I resided at the time I committed the offense for which I was sentenced to the Institutional Division or the county of the offense for which I was sentenced to the Institutional Division if I was not a resident of the State of Texas.

I shall demonstrate an educational skill level that is equal to or greater than the average skill level of students who have completed the sixth grade in a public school in the State of Texas.

I shall submit to testing for alcohol or controlled substances.

I shall not communicate directly or indirectly with the victim; go to or near the residence, place of employment, or business of the victim; or go to or near a school, day-care facility, or similar facility where a dependent child of the victim is in attendance.

I shall not intentionally or knowingly communicate directly or indirectly with, nor intentionally or knowingly go near a residence, school, place of employment, or business of the offense for which I was sentenced to the Institutional Division.

I shall reimburse the State of Texas for the costs of any Post-Secondary Educational Program in which I participated in TDCJ. Upon written instruction from my supervising officer:

I shall participate in a drug or alcohol continuum of care treatment program.

I shall register as a sex offender under Chapter 62, Code of Criminal Procedure.

I shall not go in, on or within a distance specified by a parole panel of premises where children commonly gather, nor shall I supervise or participate in any Program that includes as participants or recipients, persons who are 17 years of age or younger, and I shall attend psychological counseling as specified by my supervising officer.

I shall perform not less than 300 hours of community service at a service project designated by a parole panel.

## SPECIAL CONDITIONS

**L** – I shall be assigned to the maximum level of supervision or supervision caseload until appropriate level of supervision is further established by objective assessment instrument and supervision case classification.

**M** – I shall register as a sex offender under Chapter 62, Code of Criminal Procedure and submit a blood sample or other specimen to the Department of Public Safety for the purpose of creating a DNA record.

**SISP** – I shall comply with Super Intensive Supervision Program conditions.

**Y2** – I shall not intentionally or knowingly communicate directly or indirectly with a victim of the offense(s) for which I was sentenced to the Institutional Division; not intentionally or knowingly communicate or cause communication in person, by telephone, correspondence, video or audio device, third person, media, or by any electronic means with the victim, a guardian of the victim, or a close relative of the deceased victim of the offense; for which I was sentenced to the Institutional Division; not intentionally or knowingly go

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN, TEXAS ON THE 19TH DAY OF OCTOBER.

RISSIE OWENS
BOARD OF PARDONS AND PAROLES

If Parole is satisfactorily completed, maximum expiration date will be: *Life*

Page 1

# Certificate of Parole

**Name**
LUCIOUS, JACK

**TDCJ #**
00586170

**SID #**
01685982

near a residence, school, place of employment or a business of the victim of the offense(s) for which I was sentenced to the Institutional Division; not intentionally or knowingly go to or near a school, day-care facility, or similar facility where a dependent child of the victim of the offense(s) for which I was sentenced to the Institutional Division is in attendance.

X   - I shall participate in the Sex Offender Treatment Program to include: 1. I shall abide by all mandated condition components as directed by the Board of Pardons and Paroles and 2. I shall abide by additional sex offender condition components to the extent directed in writing by the supervising parole officer.

Subsidized ✳ **RECEIPT** ✳ Subsidized

Barrs & Associates Clinical Consult., Inc.    P.O. Box 66810    Houston, TX 77266-6810
Office# (281) 914-7065        Fax# (713) 440-0665

Date: 12/27/11

Received From: Lucious, Jack

Weekly Group Counseling                                $25.00   0

Weekly Fees:        #150.00  Absent: 12/13,        BY: BRADY BARRS
Balance Owed                  12/20/11                        Thank you
12/20/11 —

---

Subsidized ✳ **RECEIPT** ✳ Subsidized

Barrs & Associates Clinical Consult., Inc.    P.O. Box 66810    Houston, TX 77266-6810
Office# (281) 914-7065        Fax# (713) 440-0665

Date: 12/6/11                                                          5.00

Received From: Lucious, Jack

Weekly Group Counseling                                #25.00

Weekly Fees:        #80.00                              BY: BRADY BARRS
Balance Owed                                                   Thank you
11/29/11 —


☒ **Sex Offender Evaluation**
☐ **Polygraph Examination**
☒ **Individual Session**

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## PAROLE DIVISION
## SERVICES INVOICE

A.    Offender    Lucious, Jack

TDCJ#    586170

B.    Referring Parole Officer    Thomas Augusta

Phone#    713-942-5561

Date of Approval                    **Approving Authority**

(The e-mail approval must be attached to this invoice)

District Parole Office    Houston II District Parole Office
3322 Richmond Ave. 2nd Floor
Houston, TX 77098

Region    3

C.    Treatment Program (if applicable)    David Barrs

Therapist/Polygraph Examiner

D.    Parole Officer's Signature

PMS-34 (Rev. 09/1/06)

E.    Unit Supervisor's Signature

_____

F.    Date Evaluation/Individual Session/Polygraph Conducted

_____

G.    Date written report submitted to supervising officer          Amount Due $

_____          _____

H.    Therapist/Polygraph Examiner (Print Name)

_____

       Address                                        Phone #

       _____          _____

       Location of Service          _____

       Contract #          _____

       Therapist's/Polygrapher's Signature

                              _____
                              (This signature certifies that the officer has received the written evaluation/polygraph report)

Attachment:   Completed Report
Distribution:  District Parole Office
                  Therapist/Polygraph Examiner
                  Original – Central w/ attachment

┌─────────────────────────────────────────────┐
│            Accounts Payable Use Only:          │
│ ☐ Written report attached – verifying services were rendered │
└─────────────────────────────────────────────┘

┌─────────────────────────────────────────────┐
│            For Individual Sessions Only:       │
│ Offender's signature   _____    │
│                                      Date      │
└─────────────────────────────────────────────┘

Height 600
Weight 165
PO: T. AUGUSTA   (713) 521-0820

JOAN WILSON / SISTER
2618 NAPOLEON HOUSTON, TX 77004
(713) 655-1151

# Texas Department of Public Safety
## SEX OFFENDER UPDATE FORM



SID# TX 01685982                                    RISK LEVEL Low

**Full Name of Registrant:**   **LUCIOUS, JACK**              Date of Birth:   08/02/1953
                              (LAST)   (FIRST)   (MIDDLE)

**Sex** M   **Race:** B   **SSN:** 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

                                    Offense ☐ 11990001   Court Cause No. 0212715
**County where offense occurred:**   HARRIS   Disposition Date: 08/28/1974 Discharge Date: 04/23/1984

| Enter an "X" in applicable field: | |
|---|---|
| ☐ 30 Days  ☐ 90 Days  ☑ Annual | _____ (Combines original probation _extended time) |
| No   In Custody | **Other:** |
| Yes   Discharged from supervision | |
| No   Changes Indicated     Initial Registration | SO DID NOT HAVE CURRENT ID CARD. NO BLUE CARD ISSUED. |
| No Longer Required to Register: | |
| No   Expired--Duty to Register has expired | |
| No   Exempt--Copy of court documentation must be attached | |

**Driver License #:** _____   **State:** _____   **Type:** _____   **ID:** _____   **State:** _____

**Address:**   2618 NAPOLEON ST.   HOUSTON TX 77004
         (Include full physical address, city, state, and zip code)      | Urban |

**Telephone Number (Including Area Code):**   (713) 655-0451

**License Plate No:** NONE   **State:** _____   **Year:** _____ **Make:** _____ **Model:** _____

**Style:** _____   **Color:** _____         **Vin:** _____

**Occupation:** UNEMPLOYED         **Name of Employer:** _____

**Occupational License #:** _____   *Occupational Licensing Authority:* _____

**Address of Employment:** _____

| No | Moving Within Registering Agency's Jurisdiction | No | Moving to a Different Agency's Jurisdiction |

*In accordance to Chapter 62, Article 62.06, Code of Criminal Procedure, you are required to verify your registration as a sex offender with local law enforcement. Failure to verify your registration with law enforcement will result in criminal penalties being filed against you and may result in the revocation of any community supervision.*

**Verification Agency ORI/Name:**   TXHPD0000 / Houston Police Department   **Telephone#:** _____

**Printed Name of Verification Official:** JF LUCERO         Date:   12/05/2011

**Signature of Registrant:** X *Jack Lucious*         Date:   12/05/2011

| No | Offender Refused to Sign     | No | Offender Unable to Sign

### LEFT THUMB                    RIGHT THUMB

                                                        Next  Annual Due Date

                                                        08/02/2012
                                                        X J.L.

**If jurisdiction change, forward the form to the new law enforcement agency. For all other changes, forward form to DPS. Please keep a copy for your records.**

Texas Department of Public Safety--Crime Records Service--Sex Offender Registration Program
PO Box 4143, Austin, Texas 78765-4143

CR-39 (Rev.8/01)

# HOUSTON POLICE DEPARTMENT SEX OFFENDER REGISTRATION ACKNOWLEDGEMENT FORM

I HAVE TO REGISTER WITH HOUSTON POLICE DEPARTMENT

☒ ONCE A YEAR (WITHIN (30) DAYS BEFORE / AFTER MY BIRTHDAY)
☐ EVERY 90 DAYS (WITHIN (7) DAYS OF THE DUE DATE)
☐ EVERY 30 DAYS (WITHIN (3) DAYS OF THE DUE DATE)

I HAVE TO NOTIFY HPD IN PERSON, WITHIN (7) DAYS OF CHANGING MY ADDRESS (MOVING).

I HAVE TO NOTIFY HPD WITHIN (7) DAYS OF ANY JOB CHANGES, NAME CHANGE, HEALTH CHANGE, OR EDUCATIONAL STATUS CHANGE.

I HAVE TO REGISTER

☒ FOR THE REST OF MY LIFE ☐ DUE TO A.G. OPINION NO. GA-0454
☐ FOR 10 YEARS PAST MY DISCHARGE DATE
☐ UNTIL I DISCHARGE SUPERVISION

IT IS A FELONY CHARGE IF I FAIL TO DO ANY OF THE ABOVE.

I UNDERSTAND THAT HPD WILL COME BY MY HOUSE TO VERIFY I LIVE AT THAT ADDRESS.

IF I MOVE OUT OF TEXAS, I MUST CHANGE MY ADDRESS WITH HPD FIRST AND REGISTER IN THE STATE WHERE I MOVE AND COMPLY WITH THEIR REGISTRATION LAW.

IF I MOVE BACK TO TEXAS, I MUST REGISTER WITH THE LOCAL POLICE DEPARTMENT WHERE I MOVE TO, WITHIN (7) DAYS OF MY ARRIVAL.

IF I AM INCARCERATED IN ANY JAIL, I MUST REPORT BACK TO HPD WITHIN (7) DAYS OF MY RELEASE.

IF I HAVE ANY QUESTIONS, I CAN CALL 713-731-5430 713-731-5890

SIGNATURE: X_____ SID # TX 01685982
DATE: 12-05-2011

OFFICER'S SIGNATURE _____

**REGISTRATION IS MONDAY-THURSDAY, 7:00 A.M. – 3:00 P.M. WE DO NOT REGISTER ON FRIDAY, SATURDAY, SUNDAY, OR HOLIDAYS.**